IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

SARA MURRAY,                                    Civ. No. 6:25-cv-01053-AA

                    Plaintiff,              **OPINION & ORDER**

        v.

WASHINGTON STATE
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

                    Defendants.
_____

AIKEN, District Judge.

    Self-represented Plaintiff Sara Murray seeks leave to proceed *in forma pauperis* ("IFP") in this action.  For the reasons set forth below, Plaintiff's IFP Petition, ECF No. 1, is DENIED and the Complaint, ECF No. 2, is DISMISSED without prejudice but without leave to refile in the District of Oregon.  All other pending motions are DENIED as moot.

## LEGAL STANDARD

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access.  To authorize a litigant to proceed IFP, a court must make

two determinations.  First, a court must determine whether the litigant is unable to pay the costs of commencing the action.  28 U.S.C. § 1915(a)(1).  Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim.  Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The court is not required to accept legal conclusions, unsupported by alleged facts, as true.  *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, Plaintiff has not prepared a standard IFP petition and asks that the Court accept petitions she has filed in other cases in lieu of an IFP petition prepared and filed in the present case. Plaintiff must either file an IFP petition in the present case or pay the filing fee. Plaintiff's motion is DENIED.

Turning to the Complaint, Plaintiff alleges that she is subject to child support obligations arising out of Washington state court judgments and that Defendants are violating Plaintiff's constitutional rights and her rights under the Americans with Disabilities Act (ADA) and the Rehabilitation Act by seeking to enforce those child support judgments on Plaintiff. Defendants in this action are Washington State Department of Social and Health Services ("DSHS") and the DSHS employees involved in enforcing Plaintiff's child support obligations. Compl. ¶¶ 6-7. Plaintiff brings claims for violation of the ADA; violation of the Rehabilitation Act; violation of Plaintiff's Eight and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; a RICO claim; and claims for injunctive and declaratory relief.

As a preliminary matter, Plaintiff asserts that there was a waiver of federal defenses in a filing before the Ninth Circuit, specifically Docket Entry 19 in *Murray v. King County Superior Court*, Ninth Circuit Case No. 25-1016. The Court notes that the docket entry in question is an Answering Brief filed by McKinley Irvin, PLLC, David Starks, Elizabeth Hoffman, Timea Hanratty, and Lindsey Androsko. None of the appellants who filed Docket Entry 19 in Ninth Circuit Case No. 25-1016 are parties to this action. Nor does the Court's review of that document reveal any admissions that would bind Defendants in this action. In addition, the Court notes that the Ninth Circuit dismissed the appeal in Case No. 25-1016 on July 18, 2025, for lack of jurisdiction because the appeal did not challenge a final or appealable order of the district court.

The most obvious defect in Plaintiff's Complaint is personal jurisdiction. "An exercise of personal jurisdiction in federal court must comport with both the applicable state's long-arm statute and the federal Due Process Clause." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022). Oregon's long-arm statute "authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Accordingly, the Court must examine whether its exercise of jurisdiction over Defendants would comport with the limits imposed by federal due process.

There are two types of personal jurisdiction that a court may exercise over a defendant: general and specific personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). A defendant is typically only subject to general personal

jurisdiction in the state where he or she is "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, Defendants are a Washington state agency and agency employees who are being sued for actions taken on behalf of that agency. There are no facts that would establish general jurisdiction. The Court therefore turns to specific personal jurisdiction.

"Federal due process permits a court to exercise personal jurisdiction over a non-resident defendant if that defendant has at least minimum contacts with the relevant forum such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1011, 1106, (9th Cir. 2020) (internal quotation marks and citation omitted). The Ninth Circuit uses a three-prong test to analyze whether a party's minimum contacts meet the due process standard for the exercise of specific personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022).

"First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Glob. Commodities*, 972 F.3d at 1107 (internal quotation marks and citations omitted, alterations normalized). Second, the plaintiff's "claim must arise out of or relate to the defendant's forum-related activities." *Id.* Third, the district court's exercise of personal jurisdiction over the defendant must be reasonable. *Id.*

"All three prongs must be satisfied [for a court] to assert personal jurisdiction." *LNS Enters.*, 22 F.4th at 859. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Glob. Commodities*, 972 F.3d at 1107 (internal quotation marks and citation omitted).

Under the first prong of the specific-jurisdiction inquiry, "purposeful availment" and "purposeful direction" are "distinct concepts." *Glob. Commodities*, 972 F.3d at 1107. Purposeful availment generally provides a more useful frame of analysis for claims sounding in contract, while purposeful direction is often the better approach for analyzing claims in tort, but "[a]t bottom, both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a rest of random, fortuitous, or attenuated contacts." *Id.* (internal quotation marks and citation omitted).

Here, the only acts described in the Complaint concern steps taken to enforce Plaintiff's child support obligations, including the garnishment of Plaintiff's federal tax refund. It is well-established that such actions will not support the exercise of personal jurisdiction over the DSHS Defendants. *See Mindiola v. Arizona*, Case No. 3:23-cv-01008-SB, 2024 WL 759710, at *5 (D. Or. Jan. 19, 2024) (finding no personal jurisdiction over Arizona state child support enforcement officials where "[t]here is no indication that the allegedly negligent training and oversight occurred in Oregon, nor that the underlying actions of DCSS related to the suspension of [the plaintiff's]

driver's license or passport occurred in Oregon" and finding that the only contact between the defendants and Oregon arose from the plaintiff's decision to move to Oregon), *findings and recommendation adopted by* 2024 WL 759649, *aff'd Mindiola v. Arizona*, 2025 WL 1983952 (9th Cir. July 17, 2025); *Miller v. San Mateo Cnty.*, No. 6:18-cv-00884-JR, 2018 WL 5269842, at *3 (D. Or. Sept. 18, 2018) (dismissing Defendants San Mateo County and San Mateo County Department of Child Support Services for lack of personal jurisdiction and explaining that "the only communication defendants had with the forum is contacting plaintiff regarding missed child support payments"; "[t]he act of providing court notices is not the type of affirmative conduct which allows or promotes the transaction of business within Oregon"; and "[i]n other words, plaintiff's residence in Oregon is immaterial and incidental to the services provided by defendants in California.") (citations omitted), *findings and recommendation adopted*, 2018 WL 5270320 (D. Or. Oct. 22, 2018); *Taylor v. Hennepin Cnty. Child Support*, No. C06-5472 FDB, 2006 WL 2781333, at *2 (W.D. Wash. Sept. 25, 2006) (concluding that the county defendants had not purposefully availed themselves of the benefits of Washington when they had not "purposefully directed their activities or consummated a transaction with Washinton residents" and any alleged wrongful conduct "necessarily occurred in Minnesota where [the] application for child support benefits was received and processed"); *Eaton v. Davis*, No. Civ. 01-854-AS, 2002 WL 31441217, at *4 (D. Or. Feb. 28, 2002) (concluding that the Oregon federal court lacked personal jurisdiction where "the sole contact defendants had with the State of Oregon was to forward the California Order [to pay

child support] for registration, which, in turn, apparently placed a lien on Plaintiff's tax refunds" and "[t]his contact was initiated only after Plaintiff elected to make the State of Oregon his residence" and "[a]ll previous interactions between the Orange County Defendants and Plaintiff . . . have occurred in the State of California.").

Here, the complained-of actions all occurred in Washington and in connection with the enforcement of Washington state court child support judgments. The only connection to Oregon is that Plaintiff has elected to make her residence in Oregon. There is no specific personal jurisdiction over Defendants. Because Plaintiff has not met her burden of establishing the first prong of the specific jurisdiction test, the Corut need not address the other two prongs. *Boschetto*, 539 F.3d at 1016.

The Court has concluded, as set forth above, that it cannot exercise personal jurisdiction over Defendants. The Court notes that this is not the first time Plaintiff has raised challenges connected to her Washington state child support obligations in this District, nor is it the first time she has been advised of the jurisdictional issues raised by such an action. *See Murray v. King Cnty. Court et al.* 3:23-cv-01899-AR. The Court concludes that it would be futile to grant Plaintiff leave to amend because she cannot plausibly allege additional facts that would subject the named Defendants to personal jurisdiction in Oregon. The Court will therefore dismiss the Complaint without prejudice so that Plaintiff may bring this action in the proper jurisdiction. All other pending motions are DENIED as moot.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 1, is DENIED and the Complaint, ECF No. 2, is DISMISSED without prejudice but without leave to refile in the District of Oregon based on lack of personal jurisdiction. All other pending motions are DENIED as moot. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this _____28th_____ day of July 2025.


   /s/Ann Aiken_____
ANN AIKEN
United States District Judge